IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL - MALPRACTICE

Case No. 2:26-cv-01616

---

**UNITE 4 FREEDOM, INC.**
f/k/a United Sovereign Americans, Inc.
Plaintiff,

v.

**BRUCE L. CASTOR, JR.,**
an individual, and
**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM LLP**,
a Pennsylvania limited liability partnership,
Defendants.

---

PETITION FOR DAMAGES

(LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, FRAUD, AND UNJUST ENRICHMENT)

---

**I. PRELIMINARY STATEMENT**

This action arises from professional negligence, errors, and omissions committed by Defendants in the course of providing legal representation to Plaintiff. Attorneys owe their clients duties of competence, diligence, candor, and reasonable professional judgment within the attorney–client relationship. As set forth below and reflected in the documentary record of the underlying federal litigation, Defendants repeatedly failed to perform fundamental professional obligations required of competent counsel, resulting in procedural dismissals that impaired

Plaintiff's legal position and caused the loss of procedural rights and evidentiary opportunities that competent representation would have preserved.[1]

## II. PARTIES

1. **Plaintiff Unite 4 Freedom, Inc. ("U4F")**, formerly known as United Sovereign Americans, Inc., is a Missouri-based nonprofit organization engaged in election integrity advocacy, litigation, and compliance efforts nationwide.

2. **Defendant Bruce L. Castor, Jr. ("Castor")** is an attorney licensed in Pennsylvania who, at all relevant times, held himself out as qualified to lead complex federal election litigation and appellate advocacy.

3. **Defendant Van der Veen, Hartshorn, Levin & Lindheim LLP ("VdV")** is a Philadelphia-based law firm with its principal office at 121 S. Broad Street, Philadelphia, Pennsylvania, and conducted business nationwide through Castor as a partner and agent.

4. At all relevant times, Castor acted **within the scope of his employment and agency** for VdV.

---

[1] See Restatement (Third) of the Law Governing Lawyers § 52 (Am. L. Inst. 2000) (lawyer liable for professional negligence when failing to exercise the competence and diligence normally exercised by lawyers in similar circumstances); *Hendry v. Pelland*, 73 F.3d 397, 401–02 (D.C. Cir. 1996).

## III. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1332(a)** because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Plaintiff Unite 4 Freedom, Inc. is a corporation incorporated under the laws of the State of Missouri with its principal place of business in Missouri.

7. Defendant Bruce L. Castor, Jr. is a citizen of the Commonwealth of Pennsylvania.

8. Defendant Van der Veen, Hartshorn, Levin & Lindheim LLP is a Pennsylvania limited liability partnership with its principal place of business in Philadelphia, Pennsylvania, and whose partners are citizens of Pennsylvania.

9. Accordingly, complete diversity exists between Plaintiff and Defendants.

10. This Court has personal jurisdiction over Defendants because Defendants reside in Pennsylvania and the conduct giving rise to Plaintiff's claims occurred within this District.

11. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)(1) and (b)(2)** because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred within this District.

## IV. FACTUAL BACKGROUND

### A. Retention and Fees

12. Between 2024 and 2025, Plaintiff retained Defendants to lead and prosecute multiple federal election-related lawsuits across the United States, including cases in:

    a. Texas (N.D. Tex. 2:24-cv-00184),

    b. Maryland (D. Md. 1:24-cv-00672; 4th Cir. appeal),

    c. Pennsylvania (M.D. Pa. 1:24-cv-01003),

    d. Ohio, North Carolina, Michigan, Georgia, Florida, and Colorado.

13. Defendants billed and collected approximately **$417,000** in legal fees from Plaintiff and affiliated plaintiffs for these representations.

14. Defendants represented that they possessed the competence, preparation, and resources necessary to prosecute these cases through pleading, motion practice, and appellate argument.

---

### B. Systemic Abandonment and Nonperformance

15. Defendants' conduct did not merely involve litigation strategy or professional judgment. Rather, Defendants repeatedly failed to perform basic professional obligations required of competent counsel, including researching controlling

law, pleading viable causes of action, curing jurisdictional defects after courts expressly identified them, preserving amendment opportunities granted by federal courts, and competently presenting the evidentiary record on appeal. These failures resulted in predictable procedural dismissals across multiple jurisdictions without any adjudication on the merits, thereby impairing Plaintiff's legal position and causing the loss of procedural rights and evidentiary opportunities that competent counsel would have preserved.

16. These failures did not involve discretionary litigation strategy but the omission of fundamental professional tasks required of competent counsel, including compliance with court-ordered amendment opportunities and preparation necessary to present the evidentiary record. Because the underlying courts dismissed the actions on procedural grounds rather than the merits, Plaintiff was deprived of the opportunity to obtain adjudication of claims that competent representation would have preserved.

17. Defendants **failed to perform competently, diligently, or at all** in the prosecution of the cases entrusted to them.

18. Across jurisdictions, Defendants:

    a. Filed legally defective pleadings relying on **non-justiciable mandamus theories** repeatedly rejected by federal courts;

    b. Failed to cure standing and jurisdictional defects after courts explicitly identified them;

    c. Allowed cases to be dismissed after **court-granted leave to amend**, without informing clients of deadlines;

    d. Voluntarily dismissed cases midstream without client authorization;

    e. Failed to respond to dispositive issues raised by courts and opposing counsel.

---

## C. Pattern of Professional Failure

19. The misconduct described in this action was not an isolated litigation error but a recurring pattern of professional failure across multiple federal matters entrusted to Defendants.

20. Across the representations identified in this Complaint, Defendants repeatedly engaged in the following categories of professional misconduct:

**a. Failure to Plead Viable Legal Theories.**

Defendants repeatedly filed pleadings relying on legally defective theories that federal courts had already rejected in similar litigation, including non-justiciable mandamus claims that failed to satisfy established jurisdictional requirements.

**b. Failure to Cure Defects After Judicial Notice.**

After courts expressly identified jurisdictional and standing deficiencies, Defendants failed to amend pleadings or otherwise cure the defects despite receiving leave to do so.

**c. Failure to Preserve Procedural Rights.**

Defendants allowed court-ordered amendment deadlines and other procedural opportunities to lapse without notice to Plaintiff, resulting in avoidable procedural dismissals.

**d. Failure to Competently Present the Evidentiary Record.**

Defendants assumed responsibility for appellate advocacy without reviewing or preparing the evidentiary record necessary to answer questions from the court or defend the claims presented.

**e. Failure to Communicate Material Developments.**

Defendants failed to inform Plaintiff of dispositive court orders, procedural deadlines, and litigation developments affecting the viability of Plaintiff's claims.

21. This repeated pattern of conduct demonstrates systemic departures from the professional standards governing attorneys and resulted in predictable procedural dismissals that impaired Plaintiff's legal position and caused the loss of procedural rights and evidentiary opportunities that competent counsel would have preserved.

---

### D. Documentary Basis of Claims and Preservation Notice

22. The allegations set forth in this Petition are supported by contemporaneous documentary records, including federal court docket entries, briefing records,

appellate transcripts, billing statements, and communications between Plaintiff and Defendants regarding the management and prosecution of the underlying litigation matters. The conduct alleged in this Petition is reflected in publicly available federal court docket entries, orders, and appellate records in the underlying cases identified herein. These materials identify specific filings, deadlines, amendment opportunities, and litigation actions undertaken or omitted by Defendants. Because many additional documents concerning Defendants' internal decision-making, communications, and case management remain uniquely within Defendants' possession, custody, or control, Plaintiff provides notice that those materials constitute relevant evidence in this action and must be preserved. The claims asserted herein are therefore grounded in existing documentary evidence and further supported by records that will be produced in discovery.

---

**E. Maryland Appellate Failure and Gross Incompetence**

23. In the Maryland litigation, Defendants accepted $10,000 from plaintiffs to handle appellate oral argument before the United States Court of Appeals for the Fourth Circuit.

24. Defendant Castor **took over oral argument from C. Edward Hartman III**, whose firm had already expended approximately **$125,000** preparing the case for appeal.

25. At oral argument, Castor:

    a. Was unfamiliar with the evidentiary record;

    b. Failed to answer direct questions from the panel regarding standing and evidence;

    c. Admitted, post-hearing, that he had **not read the underlying evidentiary materials**;

    d. Failed to file any corrective briefings or post-argument submissions.

26. The Fourth Circuit dismissed the appeal on standing grounds without **reaching the merits**, a result directly attributable to Defendants' failure to prepare and present the case.

27. As a direct result, Plaintiff and associated plaintiffs suffered the loss of substantial prior legal investment and were forced to restart litigation efforts.

## F. Abandonment of Client Matters

28. In multiple matters, including Texas and Ohio, Defendants:

    a. Excised claims without client authorization;

    b. Failed to inform clients of dispositive court orders;

    c. Ceased communication entirely after collecting fees;

    d. Walked away from live litigation without substitution of counsel or transition.

29. Courts expressly noted **abandonment** or procedural default attributable to counsel, not to the merits of the claims.

### G. Damages

30. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

    a. Loss of **$417,000** in fees paid to Defendants;

    b. Loss of **$125,000** in wasted legal fees incurred by successor counsel;

    c. At least **$200,000** in projected additional legal fees required to repair, reinstate, and refile cases;

    d. Severe **reputational harm**, including judicial skepticism and dismissal of claims based on counsel failures;

    e. Loss of litigation momentum and donor confidence.

### H. Independent Litigation Injury

31. The injuries alleged in this action do not depend solely on the ultimate outcome of the underlying litigation. Defendants' conduct deprived Plaintiff of procedural rights, evidentiary opportunities, and the ability to obtain adjudication of claims through competent representation. Courts recognize that the loss or impairment of such litigation rights constitutes a cognizable injury in legal malpractice actions independent of the final merits determination of the underlying case.

### I. Punitive Damages for Reckless Disregard of Professional Duties

32. The conduct described herein reflects more than ordinary professional negligence. The allegations plausibly demonstrate a conscious disregard for the professional duties owed to a client within the attorney–client relationship, including duties of competence, diligence, candor, and loyalty. Where an attorney's conduct reflects such disregard for the obligations imposed by the professional rules governing attorneys, courts recognize that the conduct may support claims for punitive damages and may also implicate disciplinary standards governing the legal profession.2

## V. CAUSES OF ACTION

### A. COUNT I – LEGAL MALPRACTICE

(Against All Defendants)

32. Defendants owed Plaintiff a duty to exercise the degree of skill and care ordinarily exercised by reasonably competent attorneys under similar circumstances.

---

2 See Restatement (Third) of the Law Governing Lawyers § 49 cmt. c (Am. L. Inst. 2000) (recognizing that reckless breach of professional duty may justify enhanced remedies); Model Rules of Pro. Conduct r. 1.1, r. 1.3, r. 1.4 (Am. Bar Ass'n 2020).

33. Defendants breached that duty by failing to prepare, research, prosecute, and argue Plaintiff's cases competently.

34. Defendants' breaches were the direct and proximate cause of Plaintiff's damages.

## B. COUNT II – BREACH OF FIDUCIARY DUTY

(Against All Defendants)

35. Defendants owed Plaintiff duties of loyalty, candor, diligence, and good faith.

36. Defendants breached those duties by abandoning client matters, concealing nonperformance, and placing their own interests above Plaintiff's.

## C. COUNT III – FRAUD BY OMISSION / CONSTRUCTIVE FRAUD

(Against All Defendants)

37. Defendants knowingly failed to disclose material facts, including their lack of preparation, inability to prosecute the cases competently, and decision to abandon litigation.

38. Defendants failed to disclose material facts concerning their preparation and ability to prosecute the litigation matters entrusted to them. For example, Defendants did not disclose that they had not reviewed the evidentiary record

prior to presenting appellate argument before the United States Court of Appeals for the Fourth Circuit, despite accepting fees to conduct that argument and representing that they were prepared to present the case.

39. Defendants also failed to disclose their decision not to file amended pleadings after multiple federal courts expressly granted leave to amend defective pleadings. Instead, Defendants permitted those deadlines to lapse without notifying Plaintiff, resulting in procedural dismissals that would have been avoidable had competent counsel acted to preserve the claims.

40. Defendants continued to accept legal fees from Plaintiff while omitting these material facts regarding their lack of preparation, their failure to act on court-granted amendment opportunities, and their abandonment of ongoing litigation matters.

41. Plaintiff reasonably relied on Defendants' silence and representations in continuing to pay fees.

---

### D. COUNT IV – UNJUST ENRICHMENT

(Against All Defendants)

42. This claim for unjust enrichment is pleaded in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2). To the extent Defendants contend that no enforceable contract governed portions of the representation described herein, or that the scope or validity of any such agreement does not

extend to the services at issue, Defendants may not retain benefits conferred by Plaintiff without providing competent legal services in return.

43. Defendants were unjustly enriched by retaining fees for services not performed or grossly deficient.

44. Equity and good conscience require restitution of all fees paid.

## VI. INCORPORATION OF MEMORANDUM OF LAW AND EXHIBITS

45. Pursuant to Federal Rule of Civil Procedure 10(c), the contemporaneously filed Memorandum of Law and the exhibits referenced therein are incorporated by reference to the extent permitted by that rule. Those materials provide additional legal authority, documentary references, and context supporting the allegations set forth in this Petition and are cited to assist the Court in understanding the factual record and legal framework underlying Plaintiff's claims.

## VII. DAMAGES

46. Plaintiff seeks:

    a. **Restitution of all fees paid** to Defendants (≈ $417,000);
    b. **Consequential damages** for wasted fees and repair costs (≥ $325,000);

    c. **Punitive damages** for willful, reckless, and fraudulent conduct;

    d. **Pre- and post-judgment interest**;

    e. **Costs and attorneys' fees** incurred in prosecuting this action.

## VIII. JURY DEMAND

47. Plaintiff demands trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and grant the following relief:

    A. **Compensatory Damages.**

An award of compensatory damages in an amount to be determined at trial for the injuries caused by Defendants' professional negligence and breaches of duty.

    B. **Disgorgement and Fee Forfeiture.**

An order requiring Defendants to disgorge and forfeit legal fees paid by Plaintiff for representation that failed to meet the professional standards required of attorneys.

    C. **Consequential Damages.**

An award of consequential damages arising from the impairment of

Plaintiff's legal position, including the loss of procedural rights, evidentiary opportunities, and litigation posture caused by Defendants' conduct.

D. **Punitive or Exemplary Damages.**

An award of punitive or exemplary damages to the extent permitted by law where Defendants' conduct is determined to reflect reckless disregard of professional duties owed to Plaintiff.

E. **Costs and Litigation Expenses.**

An award of costs of suit, litigation expenses, and any other recoverable fees permitted under applicable law.

F. **Equitable Relief.**

Such equitable relief as the Court deems just and appropriate, including any orders necessary to remedy the harm caused by Defendants' breaches of duty.

G. **Further Relief.**

Such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

*Renee Mazer* (signature)

**Renee Mazer**

PA Bar No. 57666

191 Presidential Blvd., Apt. 419

Bala Cynwyd, PA 19004

(484) 716-9619

reneemazer@gmail.com

Counsel for Plaintiff

Unite 4 Freedom, Inc.

Date: March 12, 2026