IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| Unite 4 Freedom, Inc. | : | |
| f/k/a United Sovereign Americans, Inc. | : | Case No.: 2:26-cv-016160-CFK |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Bruce L. Castor, Jr., an individual, | : | |
| and van der Veen, Hartshorn, Levin | : | |
| & Lindheim, LLP | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................1

II.   FACTUAL ALLEGATIONS ....................................................................2

III.  LEGAL STANDARD .............................................................................4

IV.   ARGUMENT ........................................................................................5

    A.   Plaintiff's Legal Malpractice Claim (Count I) Should Be
         Dismissed Because It Does Not Plausibly Allege Actual
         Loss or the Required "Case Within a Case ...............................6

    B.   Plaintiff's Fiduciary Duty Claim (Count II) Should Be
         Dismissed Because It Does Not Allege a Distinct Breach of
         the Duty of Loyalty ...................................................................8

    C.   Plaintiff's Fraud Claim (Count III) Should Be Dismissed
         Because It Fails Rule 9(b) and Merely Repackages a
         Malpractice Claim...................................................................11

    D.   Plaintiff's Unjust Enrichment Claim (Count IV) Should Be
         Dismissed Because Quasi-Contract Does Not Lie Where the
         Parties' Relationship Was Governed by Express
         Agreements .............................................................................14

    E.   Plaintiff's Demand for Attorneys' Fees Fails as a Matter of
         Law .........................................................................................15

V.    CONCLUSION ...................................................................................16

## TABLE OF AUTHORITIES

**Cases** **Page**

*Anderson v. Battersby,*
  2024 WL 3498352 ................................................................................................. 11

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ......................................................................................... 4, 10

*ASTech Intern., LLC v. Husick,*
  676 F. Supp. 2d 389 (E.D. Pa. 2009)...................................................................... 6

*Baer v. Chase,*
  392 F.3d 609 (3d Cir. 2004)................................................................................. 15

*Brearey v. Ramsahai,*
  No. 24-CV-01693, 2024 WL 2848297 (E.D. Pa. June 5, 2024).............................. 10

*Bruno v. Erie Ins. Co.,*
  106 A.3d 48 (Pa. 2014) ........................................................................................ 13

*Downs v. Andrews,*
  639 Fed. Appx. 816 (3d Cir. 2016) ....................................................................... 13

*Fish Net, Inc. v. ProfitCenter Software, Inc.,*
  No. CIV.A. 09-5466, 2011 WL 1235204 (E.D. Pa. Mar. 31, 2011) ......................... 14

*Frederico v. Home Depot,*
  507 F.3d 188 (3d Cir. 2007)................................................................................. 11

*Gaskins v. City of Philadelphia,*
  No. 2:25-CV-01187, 2025 WL 2857498 (E.D. Pa. Oct. 8, 2025) ............................. 4

*Gen. Healthcare Resources, LLC v. OccuVAX, LLC,*
  No. CV 19-624, 2019 WL 3451384 (E.D. Pa. July 29, 2019)................................. 13

*Gorski v. Smith,*
  812 A.2d 683 (Pa. Super. 2002) ............................................................................. 9

*Grudkowski v. Foremost Ins. Co.,*
  556 Fed. Appx. 165 (3d Cir. 2014) ....................................................................... 14

*Heldring v. Lundy Beldecos & Milby, P.C.,*
  151 A.3d 634 (Pa. Super. 2016) ............................................................................. 8

**Page**

*Hickey v. University of Pittsburgh,*
    81 F.4th 301 (3d Cir. 2023) ................................................................................ 15

*Hollenshead v. New Penn Fin., LLC,*
    447 F. Supp. 3d 283 (E.D. Pa. 2020) ................................................................ 14

*Kituskie v. Corbman,*
    714 A.2d 1027 (Pa. 1998) ............................................................................... 6, 7

*Lutz v. Portfolio Recovery Assocs., LLC,*
    49 F.4th 323 (3d Cir. 2022) .................................................................................. 4

*Marion v. Bryn Mawr Tr. Co.,*
    288 A.3d 76 (Pa. 2023) .......................................................................................... 9

*Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,*
    602 A.2d 1277 (Pa. 1992). ................................................................................... 9

*Maryland Election Integrity, LLC v. Maryland State Bd. of Elections,*
    127 F.4th 534 (4th Cir. 2025) ........................................................................ 7, 12

*Mosaica Acad. Charter Sch. v. Com. Dept. of Educ.,*
    813 A.2d 813 (Pa. 2002) ..................................................................................... 15

*Nkansah v. Kleinbard LLC,*
    No. CV 19-4472, 2020 WL 920269 (E.D. Pa. Feb. 26, 2020) ..................... 9, 13, 15

*O'Rourke v. Dominion Voting Sys. Inc.,*
    No. 20-CV-03747-NRN, 2021 WL 1662742 (D. Colo. Apr. 28, 2021) .................. 7

*Price v. Kohn, Swift & Graf, P.C.,*
    No. CV 24-5684, 2025 WL 3486716 (E.D. Pa. Dec. 3, 2025) ............................... 9

*Reynolds v. Stambaugh,*
    No. 1889 MDA 2013, 2015 WL 674293 (Pa. Super. Feb. 5, 2015) ...................... 10

*Rose v. Bartle,*
    871 F.2d 331 (3d Cir. 1989) .................................................................................. 5

*Shuker v. Smith & Nephew, PLC,*
    885 F.3d 760 (3d Cir. 2018) ............................................................................... 11

**Page**

*The Travelers Indemnity Co. v. Cephalon, Inc.*,
　620 F. App'x 82 (3d Cir. 2015) ........................................................... 11, 12

*Wilson Area Sch. Dist. v. Skepton*,
　895 A.2d 1250 (Pa. 2006) ................................................................... 14

**Rules**

Fed. R. Civ. P. 8 ..................................................................................... 5

Fed. R. Civ. P. 8(d)(2)........................................................................... 14

Fed. R. Civ. P. 9(b) ............................................................................... 11

Fed. R. Civ. P. 10(c) ............................................................................... 4

**Other Authorities**

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1327, at 489–91.............. 5

## I.   INTRODUCTION

This case arises from Plaintiff Unite 4 Freedom, Inc.'s attempt to turn its unsuccessful federal election cases into a malpractice action against its former counsel—without pleading the facts Pennsylvania law and the Federal Rules require.

*First*, Plaintiff's legal malpractice claim (Count I) fails because it never pleads the missing link between Defendants' lawyering and the loss of a viable underlying claim. Instead, the Complaint admits that the underlying matters suffered from standing and jurisdictional defects, then simply assumes that better lawyering would have changed the result. (ECF No. 1, ¶¶ 18(a)–(c), 20(a)–(c), 31–34). That is not enough to plead actual loss or the required "case within a case."

*Second*, Plaintiff's breach of fiduciary duty claim (Count II) fails because the Complaint alleges professional performance failures, not a distinct breach of loyalty. Its factual allegations concern supposed failures to research, plead, amend, and prepare—classic duty-of-care allegations. (*Id.* ¶¶ 15–21). Calling that same conduct "disloyalty" does not transform negligence into a distinct breach of the duty of loyalty.

*Third*, Plaintiff's "fraud by omission / constructive fraud" claim (Count III) fails because Plaintiff does not plead fraud with the detail Rule 9(b) demands. The Complaint lumps both Defendants together, alleges only generalized omissions about preparation and amendment decisions, and says only that Plaintiff kept paying fees in reliance on "silence and representations." (*Id.* ¶¶ 37–41). It never pleads who omitted what, when, to whom, in what communication, or how any specific omission induced any specific payment. Those facts are needed to state a claim.

*Fourth*, Plaintiff's unjust enrichment claim (Count IV) fails because unjust enrichment does not lie where, as Plaintiff itself alleges, the parties' relationship was governed by express retention agreements. Plaintiff pleads unjust enrichment only "in the alternative," and only "[t]o the extent Defendants contend that no enforceable contract governed" the services at issue. (*Id.* ¶¶ 12–14, 42–44). Because Defendants do not make that contention, quasi-contract cannot exist.

*Fifth*, and finally, Plaintiff's demand for attorneys' fees fails. The Complaint asks for "attorneys' fees incurred in prosecuting this action," but it identifies no recognized basis for fee-shifting. (*Id.* ¶ 46(e)). Dismissal is warranted.

## II.    FACTUAL ALLEGATIONS

Plaintiff Unite 4 Freedom, Inc. f/k/a United Sovereign Americans, Inc. ("Plaintiff") is "a Missouri-based nonprofit organization engaged in election integrity advocacy, litigation, and compliance efforts nationwide." (ECF No. 1, ¶ 1). "Between 2024 and 2025," Plaintiff retained attorney Bruce L. Castor, Jr. and the law firm of van der Veen, Hartshorn, Levin & Lindheim, LLP (collectively, "Defendants")[1] to "lead and prosecute" federal election-related cases across the country. (*Id.* ¶ 12). Defendants allegedly "billed and collected approximately $417,000 in legal fees" for "these representations," and "represented [to Plaintiff] that they possessed the competence, preparation, and resources necessary to handle these cases through pleading, motion practice, and appellate argument." (*Id.* ¶¶ 13–14).

---

[1] The correct name of the law firm is van der Veen, Hartshorn & Levin, LLP.

2

But according to Plaintiff, Defendants "repeatedly failed to perform basic obligations required of competent counsel" in these representations. (*Id.* ¶ 15). Defendants allegedly "filed legally defective pleadings," "failed to cure standing and jurisdictional defects, "allowed" amendment opportunities to lapse, "failed to respond to dispositive issues," and "failed to inform Plaintiff of dispositive court orders, procedural deadlines, and litigation developments." (*Id.* ¶¶ 15–22).

Plaintiff uses one federal appellate case as an example. It alleges that attorney Castor accepted $10,000 to handle oral argument before the Fourth Circuit, but: "(a) was unfamiliar with the evidentiary record, (b) failed to answer the panel's questions regarding standing and evidence, (c) admitted, post-hearing, that he had not read the underlying evidentiary materials, and (d) failed to file any corrective briefings or post-argument submissions." (*Id.* ¶¶ 23–27). The Fourth Circuit then "dismissed the appeal on standing grounds without reaching the merits." (*Id.*).

As to other matters, Plaintiff generally alleges that Defendants "excised claims without client authorization, failed to inform clients of dispositive court orders," ceased communicating "after collecting fees," and withdrew from "live litigation without substitution of counsel or transition." (*Id.* ¶ 28 (a)–(d)). This "conduct" allegedly caused Plaintiff to lose the "fees" it "paid to Defendants," along with "litigation momentum," "procedural rights, evidentiary opportunities, and the ability to obtain adjudication of claims through competent representation." (*Id.* ¶¶ 30–31).

### III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The Third Circuit has a three-step process to evaluate the plausibility of a claimant's grounds for relief." *Gaskins v. City of Philadelphia*, No. 2:25-CV-01187, 2025 WL 2857498, at *2 (E.D. Pa. Oct. 8, 2025) (citing *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022)). The Court (1) "observes the elements that the claimant must plead to state a claim," (2) disregard[s] any formulaic recitation of the elements of a claim or other allegations that are 'so threadbare or speculative that they fail to cross the line between conclusory and the factual,' " and (3) "takes the remaining allegations and—assuming their veracity—construes them in the light most favorable to the claimant and draws all reasonable inferences in their favor." *Id.* (quoting *Lutz*, 49 F.4th at 327–28).

**Plaintiff's Memorandum of Law Is Not Appropriately Considered to be Part of the Complaint.**

Apparently seeking to preempt a motion to dismiss its "Petition for Damages," i.e., Complaint, Plaintiff cites Fed. R. Civ. P. 10(c) to incorporate the Memorandum of Law it filed at the same time. *See* "Petition for Damages," at 14. Rule 10(c) provides:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

4

In *Rose v. Bartle*, the Third Circuit considered the types of exhibits that can be incorporated within a Complaint pursuant to Rule 10(c). Concluding that the Affidavit at issue in that case is not a "written instrument" within the meaning of the Rule, the court noted that case law "demonstrates . . . that the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other 'writing[s] on which [a party's] action or defense is based. . . . [L]engthy exhibits containing ... evidentiary matter should not be attached to the pleadings.'" 871 F.2d 331, 339, n.3 (3d Cir. 1989), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1327, at 489–91.

Similarly, Plaintiff's "Memorandum of Law" is not a "written instrument" that can be incorporated into the Complaint. Aside from merely repeating the conclusory allegations that are set forth in the "Petition for Damages," it does nothing more than assert statements of law and legal argument that do not reflect the "short and plain statement of the claim" or "simple, concise, and direct" factual allegations required by Fed. R .Civ. P. 8 or contemplated by the Third Circuit in *Rose*.

Accordingly, the Court should not consider Plaintiff's Memorandum of Law in evaluating the sufficiency of the Complaint.

## IV.    ARGUMENT

Defendants' Motion to Dismiss is straightforward: **(A)** Count I should be dismissed because Plaintiff fails to plausibly allege that Defendants caused the loss of a viable underlying claim, rather than the loss of claims that were already jurisdictionally or otherwise fatally defective; **(B)** Count II fails because the

5

Complaint describes alleged professional deficiencies, not disloyalty; **(C)** Count III fails because Plaintiff tries to recast the same malpractice theory as fraud without pleading fraud with the detail Rule 9(b) requires; **(D)** Count IV fails because unjust enrichment has no place where, as here, the parties' relationship was governed by written retainer agreements; and **(E)** Plaintiff's demand for attorneys' fees should be dismissed because Plaintiff identifies no recognized basis for shifting fees here.

### A. Plaintiff's Legal Malpractice Claim (Count I) Should Be Dismissed Because It Does Not Plausibly Allege Actual Loss or the Required "Case Within a Case."

Plaintiff's legal malpractice claim fails because it never pleads the missing link between Defendants' alleged professional deficiencies and the loss of a viable underlying claim. A legal malpractice plaintiff must show "actual loss," not merely "nominal damages, speculative harm, or the threat of future harm." *Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998). And because legal malpractice is a "case within a case," the plaintiff must show that he "would have recovered a judgment in the underlying action." *Id.* If the underlying case "would have failed regardless of the defendant's professional negligence, then the plaintiffs have not suffered actual loss." *ASTech Intern., LLC v. Husick*, 676 F. Supp. 2d 389, 402 (E.D. Pa. 2009).

That is the case here. Plaintiff says Defendants caused the loss of "procedural rights, evidentiary opportunities, and the ability to obtain adjudication of claims through competent representation." (ECF No. 1, ¶ 31). But Plaintiff never identifies *which* underlying claims were legally viable, *what* specific amendment would have cured the defects identified by the courts, *what* facts would have established standing,

6

*what* jurisdictional basis existed, or *what* recoverable judgment Plaintiff would have obtained absent Defendants' alleged negligence. Instead, Plaintiff offers only the bare conclusion that competent counsel "would have preserved" its "procedural rights" and "evidentiary opportunities." (*Id.* ¶¶ 15–16, 21, 31). That is the sort of speculative pleading Pennsylvania and Federal law rejects. *Kituskie,* 714 A.2d at 1030.

The two examples that Plaintiff highlights only confirm the point. In Texas, Plaintiff says Defendants allowed an amendment deadline to lapse after the court granted leave to amend. (ECF No. 1, ¶¶ 18(c), 20(b)–(c)). But the order Plaintiff relies on held that "Federal district courts lack jurisdiction to command a state official" through mandamus and that, "[w]ithout an underlying cause of action that the court has jurisdiction over, this Court cannot issue a writ of mandamus." (ECF No. 2-1, pp. 6, 9). The same order granted leave to amend only "to attempt to allege jurisdiction." (*Id.*). So even taking the Complaint as true, Plaintiff still does not identify *what* amendment could have possibly solved its jurisdictional obstacle.[2]

The Maryland example is the same. Plaintiff states the Fourth Circuit dismissal was "directly attributable" to Defendants' inadequate preparation and presentation of the case. (ECF No. 1, ¶ 26). But the Fourth Circuit's published opinion says the dismissal turned on Article III standing because Plaintiff did not allege "concrete, particularized, or certainly impending injuries." *Maryland Election Integrity, LLC v. Maryland State Bd. of Elections*, 127 F.4th 534, 535 (4th Cir. 2025).

---

[2]    *See O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-CV-03747-NRN, 2021 WL 1662742, at *6 (D. Colo. Apr. 28, 2021), *aff'd*, No. 21-1161, 2022 WL 1699425 (10th Cir. May 27, 2022) (collecting cases holding that generalized allegations of election fraud do not confer standing).

And again, Plaintiff never alleges *what* facts existed—and could have been pleaded or proved—to cure that defect. It does not identify a member with standing, a concrete injury, or a non-speculative path to a favorable judgment. Plaintiff simply says better lawyering would have changed the Fourth Circuit's decision that "statewide vote dilution resulting from the alleged casting of unauthorized votes is not a 'concrete or particularized injury.'" *Id.*[3]

That is not enough to state a plausible claim for relief. When Pennsylvania courts allow a malpractice claim to go forward, the plaintiff identifies the underlying claim that was lost and explains how competent counsel would have preserved it. *See, e.g.*, *Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 644–45 (Pa. Super. 2016). But here, Plaintiff pleads only broad accusations of substandard advocacy and lost "procedural rights." (ECF No. 1, ¶¶ 15–21, 31–34). It does *not* plead the key fact Pennsylvania law requires: that Defendants caused the loss of a viable underlying claim. Because Plaintiff does not plausibly allege actual loss or the required "case within a case," the Court should dismiss its legal malpractice claim.

## B. Plaintiff's Fiduciary Duty Claim (Count II) Should Be Dismissed Because It Does Not Allege a Distinct Breach of the Duty of Loyalty.

Plaintiff's fiduciary duty claim fares no better because the Complaint alleges professional performance failures, not a distinct breach of loyalty. An attorney owes a fiduciary duty to his client, which requires "undivided loyalty and prohibits the

---

[3] Plaintiff's uphill climb to a viable malpractice claim would appear to be even steeper when considering the Fourth Circuit matter, where Defendants did not even represent Plaintiff before the trial court, and thus did not participate in the initial strategy, drafting, or advocacy when Plaintiff's initial Complaint was dismissed.

attorney from engaging in conflicts of interest." *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992). "Courts applying Pennsylvania law construe a breach of fiduciary duty claim in the legal malpractice context to implicate only the attorney's duty of loyalty, not the attorney's duty of care." *Price v. Kohn, Swift & Graf, P.C.*, No. CV 24-5684, 2025 WL 3486716 *7 (E.D. Pa. Dec. 3, 2025).[4] So "to prevail on a breach of fiduciary claim, the plaintiff must show: (1) the defendant negligently or intentionally failed to act in good faith and solely for the plaintiff's benefit; and (2) the defendant's breach proximately caused the plaintiff's injury." *Id.* (citing *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 88 (Pa. 2023)).

That distinction dooms Count II. Plaintiff's factual allegations are about supposed professional deficiencies: failure to research, failure to plead viable claims, failure to cure standing and jurisdictional defects, failure to preserve amendment opportunities, and failure to prepare for appellate argument. (ECF No. 1, ¶¶ 15–21, 23–29). It then tacks on the conclusory assertion that Defendants breached duties of "loyalty, candor, diligence, and good faith" by "abandoning client matters, concealing nonperformance, and placing their own interests above Plaintiff's." (*Id.* ¶¶ 35–36).

Those duty-of-care allegations are not enough to state a fiduciary-duty claim. In *Nkansah v. Kleinbard LLC*, the Honorable Timothy J. Savage of this Court dismissed a fiduciary-duty claim where the plaintiff alleged only that his lawyers failed to "provide competent representation" in the discovery and summary-judgment

---

[4]     *See, e.g.*, *Gorski v. Smith*, 812 A.2d 683, 712 (Pa. Super. 2002) (vacating judgment entered after jury verdict on fiduciary duty claim against former counsel because evidence did not show a conflict of interest existed); *Nkansah v. Kleinbard LLC*, No. CV 19-4472, 2020 WL 920269, at *6–7 (E.D. Pa. Feb. 26, 2020) (dismissing fiduciary duty claim for failing to show disloyalty and collecting cases).

phases of his case. 2020 WL 920269, at *7. The Court held that those allegations supported "no more than an inference that the defendants breached their duty of care"—not disloyalty—because the plaintiff did "not allege that they disclosed confidential information, represented a competitor, misused funds or otherwise acted in bad faith." *Id.* The Pennsylvania Superior Court reached the same conclusion in *Reynolds v. Stambaugh*, holding that failures to perfect service were "ordinary negligence/malpractice rather than actions taken in derogation of a duty of loyalty." No. 1889 MDA 2013, 2015 WL 674293, at *11 (Pa. Super. Feb. 5, 2015).

Plaintiff's Complaint suffers from the same defect. It alleges no conflict of interest, no misuse of confidential information, and no diversion of client funds. (*See generally,* ECF No. 1). And its allegation that Defendants "plac[ed] their own interests above Plaintiff's" is just a "naked legal assertion," unsupported by any non-conclusory factual allegation explaining what "interests" Defendants pursued, how they pursued it, or how that supposed self-interest differed from the "negligent" performance that Plaintiff alleges throughout the rest of the Complaint. *See Brearey v. Ramsahai*, No. 24-CV-01693, 2024 WL 2848297, at *2 (E.D. Pa. June 5, 2024) (Kenney, J.) ("The Court" is "not bound to accept as true a legal conclusion couched as a factual allegation.") (quoting *Iqbal*, 556 U.S. at 678)

Plaintiff's fiduciary duty claim should therefore be dismissed with prejudice. Pennsylvania law does not permit Plaintiff to take the same duty-of-care allegations that underpin Count I, add the words "loyalty" and "good faith," and manufacture a second tort claim. Because the Complaint pleads (at most) negligent representation,

10

not a distinct breach of the duty of loyalty, Count II fails as a matter of law. *See Anderson v. Battersby,* 2024 WL 3498352, at \*3 ("We will dismiss Anderson's breach of fiduciary duty claim to the extent it is premised on Battersby's alleged failure to move for economic damages" and, "because that portion of the breach of fiduciary duty claim is legally, rather than factually, deficient, we will dismiss it with prejudice.").

### C. Plaintiff's Fraud Claim (Count III) Should Be Dismissed Because It Fails Rule 9(b) and Merely Repackages a Malpractice Claim.

Plaintiff's "fraud by omission / constructive fraud" claim should be dismissed for two independent reasons: (1) it does not come close to satisfying Federal Rule of Civil Procedure 9(b); and (2) it simply repackages the same alleged professional deficiencies that underlie Count I and tries to relabel it as fraud. Neither move works.

***First***, dismissal is warranted for failure to satisfy Rule 9(b). In the Third Circuit, a plaintiff alleging fraud must plead the claim with enough detail to "place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). That means the complaint must allege "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 778 (3d Cir. 2018) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). The same is true when the theory is fraudulent omission. *See The Travelers Indemnity Co. v. Cephalon, Inc.*, 620 F. App'x 82, 86 (3d Cir. 2015).

Plaintiff does not satisfy that standard. It broadly alleges that "Defendants knowingly failed to disclose material facts, including their lack of preparation, inability to prosecute the cases competently, and decision to abandon litigation."

11

(ECF No. 1, ¶ 37). It then offers two generic examples: that Defendants "did not disclose that they had not reviewed the evidentiary record" before the Fourth Circuit argument,[5] and that Defendants "did not disclose their decision" not to amend after "multiple federal courts" granted leave to amend. (*Id.* ¶¶ 38–39). Plaintiff adds only that Defendants "continued to accept legal fees" while omitting those facts and that Plaintiff relied on "Defendants' silence and representations" in continuing to pay. (*Id.* ¶¶ 40–41). What is missing, though, is exactly what Rule 9(b) requires: *who* said or omitted *what*; *when* any omission occurred; *to whom* it was directed; in connection with *which* invoice or fee request; and *how* any particular omission induced any particular payment. Plaintiff lumps both Defendants together, never identifies the "representations" on which it supposedly relied, and never pleads the circumstances of any specific payment made because of any specific "omission."

That defect is fatal. In *The Travelers Indemnity Co. v. Cephalon, Inc.*, the Third Circuit affirmed dismissal where the plaintiffs failed to identify "any specific fraudulent statements, omissions, or misrepresentations" and did not "specify when, where, or to whom" the alleged fraud occurred. 620 F. App'x 82, 86–87 (3d Cir. 2015). The same problem appears here. Plaintiff does not identify *any* communication in which either Defendant concealed a material fact. Nor does Plaintiff identify the contents of *any* supposed representation beyond the vague assertion that Defendants

---

[5]    That allegation overstates what existed for Defendants to "review" in the first place. The Fourth Circuit was reviewing the dismissal of Plaintiff's complaint for lack of subject-matter jurisdiction at the pleading stage, and it expressly described the State Board's standing challenge as "facial," meaning "the facts alleged in the complaint are taken as true." *Maryland Election Integrity, LLC v. Maryland State Bd. of Elections*, 127 F.4th 534, 537 (4th Cir. 2025). So there was no trial-level "evidentiary record" to master; at most, there was the underlying pleadings and briefs.

"represented that they possessed the competence, preparation, and resources necessary" to do the work. (*See* ECF No. 1, ¶ 14). Rule 9(b) requires more.

***Second***, dismissal is also warranted because Plaintiff's fraud claim is merely its malpractice claim dressed in different clothes, and "[c]laims for legal malpractice arise from a contractual engagement." *Nkansah v. Kleinbard LLC*, No. CV 19-4472, 2020 WL 920269, at \*4 (E.D. Pa. Feb. 26, 2020). Accordingly, aside from the pleading deficiencies in presenting a fraud claim as a legal malpractice claim, Plaintiff's fraud claim also fails under the "gist of the action" doctrine. The Third Circuit has "held that when the duty breached is one created by the terms of the parties' contract the gist of the action doctrine will bar tort claims." *Gen. Healthcare Resources, LLC v. OccuVAX, LLC*, No. CV 19-624, 2019 WL 3451384, at \*3 (E.D. Pa. July 29, 2019) (Kenney J.) (citing *Downs v. Andrews*, 639 Fed. Appx. 816 (3d Cir. 2016); *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014)).

That is exactly what Plaintiff pleads. Defendants' alleged "omissions" concern the same core conduct Plaintiff's malpractice claim challenges: failure to prepare, prosecute, amend, and communicate. (ECF No. 1, 15–29). "Because the nature of the duty alleged to be violated arises out of Defendants' contractual promises" to do those tasks, "and not a broader social duty," the Court should dismiss Plaintiff's fraud claim under "the gist of the action doctrine." *Downs*, 639 Fed. Appx. at 821 (3d Cir. 2016).

At bottom, Plaintiff alleges that Defendants handled its litigation poorly and did not keep Plaintiff adequately informed. That may be Plaintiff's malpractice theory, but Rule 9(b) does not let Plaintiff turn that theory into fraud simply by

13

adding the words "knowingly failed to disclose" and "continued to accept fees." (ECF No. 1, ¶¶ 37, 40). Because the Complaint does not plead fraud with particularity and merely repackages Defendants' alleged malpractice claim, Count III fails.

### D. Plaintiff's Unjust Enrichment Claim (Count IV) Should Be Dismissed Because Quasi-Contract Does Not Lie Where the Parties' Relationship Was Governed by Express Agreements.

Count IV fails because "the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006). And while "pleading in the alternative under Fed. R. Civ. P. 8(d)(2) is, of course, permissible," that is "plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy." *Grudkowski v. Foremost Ins. Co.*, 556 Fed. Appx. 165, 170 n.8 (3d Cir. 2014). Where "there is no dispute as to the validity and enforceability of a contract between the parties, a plaintiff may not assert an unjust enrichment claim." *Hollenshead v. New Penn Fin., LLC*, 447 F. Supp. 3d 283, 293 (E.D. Pa. 2020) (citing *Fish Net, Inc. v. ProfitCenter Software, Inc.*, No. CIV.A. 09-5466, 2011 WL 1235204, at \*10 (E.D. Pa. Mar. 31, 2011) (dismissing unjust enrichment claim because "[n]either party claims that the contract was either invalid or unenforceable")).

Plaintiff pleads itself into that bar. The Complaint alleges that Plaintiff "retained Defendants" to lead specified litigation matters, that Defendants "billed and collected approximately $417,000 in legal fees" for those representations, and that Defendants misrepresented they had the competence and resources to perform

14

that work. (ECF No. 1, ¶¶ 12–14). Those are contract allegations. *See Nkansah,* supra. Plaintiff then confirms the point by pleading unjust enrichment only "[t]o the extent *Defendants* contend that no enforceable contract governed portions of the representation described herein, or that the scope or validity of any such agreement does not extend to the services at issue." (*Id.* ¶ 42) (emphasis added). Thus, Plaintiff's own pleading recognizes that unjust enrichment is unavailable if the representation and fees were governed by enforceable agreements—as Defendants contend here.

That leaves Plaintiff's unjust enrichment claim as nothing more than a repackaged contract-and-malpractice theory. Because Plaintiff alleges that express agreements governed the representation and identifies no distinct, non-contractual benefit theory outside those agreements, dismissal is warranted.[6]

### E.  Plaintiff's Demand for Attorneys' Fees Fails as a Matter of Law.

Finally, Plaintiff seeks "attorneys' fees incurred in prosecuting this action." (ECF No. 1, ¶ 46(e), Prayer for Relief ¶ E). But "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties or some other established exception." *Mosaica Acad. Charter Sch. v. Com. Dept. of Educ.,* 813 A.2d 813, 822 (Pa. 2002). And here, Plaintiff

---

[6]    Nor can Plaintiff avoid dismissal by invoking alternative pleading in the abstract. The Third Circuit's decision in *Hickey v. University of Pittsburgh* does not help Plaintiff. 81 F.4th 301 (3d Cir. 2023). There, the Court allowed unjust-enrichment and implied-contract theories to proceed because the express agreements at issue were narrow financial-responsibility forms that did not address the separate university obligations the plaintiffs claimed were breached. The court stressed that "[t]he existence of an express contract . . . does not preclude the existence of an implied contract if the implied contract is distinct from the express contract," and held that the forms there did not preclude claims based on obligations "not addressed in the FRAs." *Id.* at 317–18 (quoting *Baer v. Chase,* 392 F.3d 609, 617 (3d Cir. 2004)). This case is the opposite. Plaintiff does not allege some distinct, extra-contractual promise outside the parties' engagement agreements. It seeks recovery of the same legal fees paid for the same legal representation those agreements governed. (*See* ECF No. 1, ¶¶ 12–14, 42–44).

identifies no fee-shifting statute, no contractual fee provision, and no recognized exception that would support a fee award in this malpractice action. So Plaintiff's demand for "attorneys' fees" should be stricken from the Complaint.

## V.   CONCLUSION

Plaintiff tells a simple story: its underlying cases failed, so their counsel must be to blame. But the law requires more than blame and hindsight. It requires well-pleaded facts showing a viable lost claim, a distinct breach of loyalty, fraud pleaded with particularity, and a quasi-contract theory untethered to the parties' agreements. Plaintiff pleads none of that. The Court should dismiss the Complaint.

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

Dated:  April 6, 2026

/s/ Gaetan J. Alfano
Gaetan J. Alfano (32971)
Scott A. Coffina (67791)
1818 Market Street, Suite 3402
Philadelphia, PA 19103
gja@pietragallo.com
sac@pietragallo.com
(215) 320-6200

Jesse A. Marra (333805)
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
jm@pietragallo.com
(412) 263-1826

#12069224

16