IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITE 4 FREEDOM, INC., *formerly known as United Sovereign Americans, Inc.,*     *Plaintiff,* | : : : : : | |
| v. | : : | CIVIL NO. 26-1616 |
| VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM LLP, *et al.*     *Defendants.* | : : : | |

MEMORANDUM

**KENNEY, J.**                                                                                          **MAY 29, 2026**

This case arises out of alleged legal malpractice in connection with election-related lawsuits that Plaintiff retained Defendants to litigate.  On April 6, 2026, Defendants moved to dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss" or "Motion").  *See* ECF Nos. 16, 19.  Plaintiff opposes dismissal.  *See* ECF No. 18.  For the reasons set forth below, the Court will **GRANT** Defendants' Motion to Dismiss (ECF No. 16), and **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** against all Defendants.  The Court will also **DENY** Defendants' motion to strike Plaintiff's demand for attorneys' fees.

## I.   BACKGROUND

### A.  Factual Background

Plaintiff Unite 4 Freedom, Inc., formerly known as United Sovereign Americans, Inc., is a nonprofit organization that is based out of Missouri.  ECF No. 1 ¶ 1.  Plaintiff is "engaged in election integrity advocacy, litigation, and compliance efforts" on a national level.  *Id.*  Defendant Bruce L. Castor, Jr. is a licensed Pennsylvania attorney.  *Id.* ¶ 2. Defendant van der Veen, Hartshorn

& Levin, LLP, incorrectly identified by Plaintiff as Van der Veen, Hartshorn, Levin & Lindheim, LLP, *see* ECF No. 16 at 1 n.1, is a law firm that is based in Philadelphia, Pennsylvania. *See* ECF No. 1 ¶ 3.

Between 2024 to 2025, Plaintiff retained Defendants to represent it in "multiple federal election-related lawsuits" across the country, including in cases filed in Texas, Maryland, Pennsylvania, Ohio, North Carolina, Michigan, Georgia, Florida, and Colorado. *Id.* ¶ 12(a)–(d). Over the course of their representation, "Defendants billed and collected approximately $417,000 in legal fees from Plaintiff and affiliated plaintiffs." *Id.* ¶ 13 (emphasis omitted).

Defendants purportedly represented that they were competent and had the requisite resources to litigate the life cycle of Plaintiff's election-related lawsuits. *Id.* ¶ 14. However, according to Plaintiff, Defendants allegedly did not diligently execute "basic professional obligations" required of them during their representation, such as "researching controlling law, pleading viable causes of action, curing jurisdictional defects after courts expressly identified them, preserving amendment opportunities granted by federal courts, and competently presenting the evidentiary record on appeal." *Id.* ¶ 15; *see also id.* ¶¶ 16–17, 18(a)–(e), 20(a)–(e) (alleging other professional shortcomings). In certain matters that Defendants were retained to handle, Defendants also allegedly "[e]xcised claims without client authorization[,]" did not "inform clients of dispositive court orders[,]" stopped communicating with their clients once fees were collected, and "[w]alked away from live litigation without substitution of counsel or transition." *Id.* ¶ 28(a)–(d). Moreover, in connection with an appeal before the Fourth Circuit, Plaintiff alleged that Defendant Castor was not familiar with the underlying evidentiary record, did not "answer direct questions from the panel regarding standing and evidence[,]" and did not file any "corrective briefings or post-argument submissions." *Id.* ¶ 25(a)–(d). Defendants thus exhibited "a recurring

pattern of professional failure across multiple federal matters" that they were involved in, which allegedly led to "procedural dismissals," "impair[ed] Plaintiff's legal position," and "caus[ed] the loss of procedural rights" in its election-related lawsuits. *Id.* ¶¶ 15, 19.

### B. Procedural History

On March 12, 2026, Plaintiff filed a Complaint in the Eastern District of Pennsylvania raising four causes of action against all Defendants for (1) legal malpractice (Count I); (2) breach of fiduciary duty (Count II); (3) fraud by omission / constructive fraud (Count III); and (4) unjust enrichment (Count IV). *Id.* ¶¶ 32–44. Plaintiff seeks restitution of legal fees, consequential damages, punitive damages, interest, and attorneys' fees incurred in litigating this action. *Id.* ¶¶ 30(a)–(e), 32, 46(a)–(e).

On April 6, 2026, Defendants moved to dismiss Plaintiff's Complaint in its entirety for failure to state a claim. *See* ECF No. 16. First, Defendants argue that Plaintiff's legal malpractice claim should be dismissed because Plaintiff did not "plausibly allege that Defendants caused the loss of a viable underlying claim." ECF No. 16-2 at 10. Instead, Plaintiff alleged "the loss of claims that were already jurisdictionally or otherwise fatally defective" in its underlying election-related lawsuits. *Id.* Second, Defendants argue that Plaintiff's breach of fiduciary duty claim is deficient because it consists of allegations of "professional performance failures, not a distinct breach of loyalty." *Id.* at 13. Third, Defendants contend that Plaintiff's fraud claim should be dismissed because it does not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements and, in essence, "repackages the same alleged professional deficiencies . . . as fraud." *Id.* at 16. Fourth, Defendants argue that Plaintiff's unjust enrichment claim fails because that doctrine is inapplicable when there is an express contract that governs the parties' relationship. *Id.* at 19. Finally, Defendants moved to strike Plaintiff's demand for attorneys' fees on the basis that

3

Plaintiff did not identify a fee-shifting statute, contractual provision, or an exception that permits an award of fees. *Id.* at 20–21.

On April 10, 2026, Plaintiff filed an Opposition to Defendants' Motion to Dismiss (the "Opposition"). *See* ECF No. 18. First, Plaintiff asserts that it plausibly pleaded a legal malpractice claim because it alleged that it retained Defendants in multiple federal actions, but Defendants "fail[ed] to perform required legal acts," which resulted in the termination of cases on procedural grounds "without adjudication" on the merits. *Id.* at 11–12. In addition, Plaintiff contends that it did not need to prove at the pleading stage that its underlying cases would have been successful in order to plead a legal malpractice claim. *Id.* at 13. Second, Plaintiff argues that its allegations of conduct that "implicates duties of loyalty, candor, and good faith" are sufficient to state a claim for a breach of fiduciary duty and are "distinct from contractual obligations." *Id.* at 21. Third, Plaintiff argues that its fraud claim was pleaded with sufficient particularity under Rule 9(b). *Id.* at 17–18. Fourth, Plaintiff reiterates that it pleaded unjust enrichment only "in the alternative" and asserts that it was "not required to elect between contract-based and quasi-contractual theories of recovery" at the pleading stage. *Id.* at 24. In its Opposition, Plaintiff did not respond to Defendants' request to strike Plaintiff's demand for attorneys' fees from the Complaint.

Defendants filed a Reply Brief in Support of their Motion to Dismiss on April 17, 2026. *See* ECF No. 19. Defendants' Motion to Dismiss is fully briefed and before this Court.

## II.   **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of a complaint. When evaluating a motion to dismiss for failure to state a claim, the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). Conclusory

allegations "are not entitled to the assumption of truth." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citation omitted). To survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded complaint must state a "plausible entitlement to relief," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007). A plaintiff is not required to plead "detailed factual allegations," but Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, claims have "facial plausibility" when a plaintiff has pleaded enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Connelly*, 809 F.3d at 786 (internal quotations and citation omitted). The determination of facial plausibility is by nature "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 786–87 (internal quotations and citation omitted).

When determining a Rule 12(b)(6) motion, district courts "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1996 (3d Cir. 1993)). Courts may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial

notice." *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 490 (3d Cir. 2016) (internal quotations and citation omitted).[1]

## III.   DISCUSSION

Defendants moved to dismiss Plaintiff's Complaint in its entirety for failure to state a claim and moved to strike Plaintiff's demand for attorneys' fees from the Complaint. *See* ECF No. 16-2 at 6–7. For the following reasons, the Court will grant Defendants' Motion to Dismiss, and dismiss Plaintiff's Complaint without prejudice against all Defendants. The Court will also deny as premature Defendants' motion to strike Plaintiff's demand for attorneys' fees.

---

[1] In its Complaint, Plaintiff purported to incorporate by reference a "Memorandum of Law" that was filed "contemporaneously" with the Complaint pursuant to Rule 10(c). ECF No. 1 ¶ 45; *see also* ECF No. 2.

Plaintiff's Memorandum of Law primarily consists of legal arguments and case citations in support of its Complaint. *Id.* at 1–21. A Memorandum of Law is not the type of "written instrument" or documentary evidence that typically can be incorporated into a Complaint under Rule 10(c), so the Court will not consider it in deciding Defendants' Motion to Dismiss. *See Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) ("[T]he types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of *documentary evidence*, specifically, contracts, notes, and other writing[s] on which [a party's] action or defense is based." (internal quotations and citation omitted) (emphasis added)); *see also Barnard v. Lackawanna Cnty.*, 696 F. App'x 59, 60–61 (3d Cir. 2017) (finding that the following types of exhibits "constitut[ed] 'written instruments' of the kind contemplated by Rule 10(c)": a certified copy of a collective bargaining agreement, a disciplinary hearing notice, a notice of suspension, a grievance form, and pay records); *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) (explaining that "the general understanding of what [constitutes] a legal or a written instrument is . . . a legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate" (internal quotations and citation omitted)). Rather, Plaintiff's Memorandum of Law is similar to an affidavit—which is "a matter outside the pleading[,]" *see Rose*, 871 F.2d at 339 n.3—in the sense that it is "a writing of [Plaintiff's] own creation." *Smith*, 794 F.3d at 255. If a party's legal brief could be incorporated into and considered as a part of the allegations of a complaint, "then Rule 8(a)'s requirement of a short and plain statement of a claim for which relief could be granted would be eviscerated." *Id.*; *cf. In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 251 (3d Cir. 2012) ("Plaintiffs cannot be permitted to incorporate an endless series of external documents into a complaint simply 'by reference' to them, as this would lead to an impossible task for defendants in filing their answers, and for courts in reviewing the sufficiency of complaints.").

6

### A. Plaintiff Failed to Plausibly Allege a Legal Malpractice Claim

First, Defendants moved to dismiss Plaintiff's legal malpractice claim. *See* ECF No. 16-2 at 11–13. Defendants argue that Plaintiff failed to state a claim for legal malpractice because it did not "plead[] the missing link between Defendants' alleged professional deficiencies and the loss of a viable underlying claim." *Id.* at 11. According to Defendants, "Plaintiff never identifies *which* underlying claims were legally viable, *what* specific amendment would have cured the defects identified by the courts, *what* facts would have established standing, *what* jurisdictional basis existed, or *what* recoverable judgment Plaintiff would have obtained absent Defendants' alleged negligence." *Id.* at 11–12.

In its Opposition, Plaintiff responds that it plausibly pleaded "each element of a legal malpractice claim." ECF No. 18 at 11. Plaintiff argues that Defendants breached their duty by "fail[ing] to perform required legal acts," such as by not "amend[ing] pleadings after courts granted leave" or not "cur[ing] defects identified by courts." *Id.* Those purported failures, in turn, allegedly led to the "termination of proceedings at the procedural stage" "without adjudication" on the merits. *Id.* at 12. Moreover, Plaintiff asserts that it did not need to establish at the pleading stage that "an underlying action would have succeeded." *Id.* at 13.

In Pennsylvania, a plaintiff must plead the following elements to establish a legal malpractice claim: (1) "employment of the attorney or other basis for a duty;" (2) "the failure of the attorney to exercise ordinary skill and knowledge;" and (3) "that such negligence was the proximate cause of damage to the plaintiff." *Kituskie v. Corbman*, 714 A.2d 1027, 1029–30 (Pa. 1998) (quoting *Rizzo v. Haines*, 555 A.2d 58, 65 (Pa. 1989)). Furthermore, it is well-settled that "[a]n essential element" of a legal malpractice claim "is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm[,] or the threat of future harm." *Id.* at 1030 (citation omitted). Put another way,

7

> [i]n essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a 'case within a case').

*Id.*; *see also Poole v. W.C.A.B. (Warehouse Club, Inc.)*, 810 A.2d 1182, 1184 (Pa. 2002) ("It is this elemental requirement of proving the case within the case, that makes a legal malpractice action unique."). To demonstrate the element of actual loss, a plaintiff ultimately "must establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action." *Nkansah v. Kleinbard LLC*, No. 21-1774, 2022 WL 843486, at *3 (3d Cir. Mar. 22, 2022) (quoting *Kituskie*, 714 A.2d at 1030); *see also ASTech Int'l, LLC v. Husick*, 676 F. Supp. 2d 389, 402 (E.D. Pa. 2009) ("If the underlying case . . . would have failed regardless of the defendant's professional negligence, then the plaintiffs have not suffered actual loss."); *Rizzo*, 555 A.2d at 68 ("[D]amages are speculative only if the uncertainty concerns the *fact* of damages rather than the amount." (internal quotations and citation omitted)).

Here, the parties do not contest whether Plaintiff plausibly alleged the first element—that is, "employment of the attorney or other basis for the duty." *Kituskie*, 714 A.2d at 1029 (internal quotations and citation omitted). Plaintiff alleged that Defendants were retained to represent it in various election-related lawsuits. ECF No. 1 ¶ 12. As to the second element, Plaintiff plausibly alleged that Defendants failed "to exercise ordinary skill and knowledge" during their representation of Plaintiff. *Kituskie*, 714 A.2d at 1029 (internal quotations and citation omitted). For example, Plaintiff alleged that Defendants "repeatedly failed to perform basic professional obligations required of competent counsel, including researching controlling law, pleading viable causes of action, curing jurisdictional defects after courts expressly identified them, preserving amendment opportunities granted by federal courts, and competently presenting the evidentiary record on appeal." ECF No. 1 ¶ 15; *see also id.* ¶¶ 16, 18(a)–(e), 20(a)–(e), 25(a)–(d), 28(a)–(d).

The main dispute centers around whether Plaintiff adequately alleged proximate causation and the requisite "case within a case." *Kituskie*, 714 A.2d at 1030.

With respect to the underlying election-related lawsuits, Plaintiff alleged that Defendants' purported professional "failures resulted in predictable procedural dismissals . . . thereby impairing Plaintiff's legal position[,]" and also led to "the loss of procedural rights and evidentiary opportunities that competent counsel would have preserved." ECF No. 1 ¶ 15. While Plaintiff describes purported negligent conduct that allegedly caused the loss of litigating its claims on the merits, Plaintiff failed to plead any facts demonstrating that other competent attorneys would have successfully propelled the underlying cases to their merits or reached a favorable outcome. *See, e.g.*, *Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 643 (Pa. Super. Ct. 2016) (finding that a plaintiff sufficiently stated a legal malpractice claim where the plaintiff alleged that its attorneys were negligent in failing to sue the correct defendant, even though the plaintiff was otherwise able to secure a judgment that it then could not collect on); *Javaid v. Weiss*, No. 11-cv-1084, 2011 WL 6339838, at *9 (M.D. Pa. Dec. 19, 2011) (dismissing a legal malpractice claim where "the complaint fail[ed] to set forth allegations from which [p]laintiff might be able to prove that the damages he allege[d] were caused by [his attorney's] failure to raise certain unspecified legal arguments[,]" and where the complaint was "improperly long on legal conclusions and vague assertions"); *Stacey v. City of Hermitage*, No. 02-cv-1911, 2008 WL 941642, at *6–7 (W.D. Pa. Apr. 7, 2008) (dismissing a legal malpractice claim where a plaintiff did "not explain how [the] underlying action would have the merit to succeed" and where the complaint "wholly fail[ed] to allege facts from which the causation element might be satisfied").

For instance, Plaintiff alleged that Defendants "[f]ailed to cure standing and jurisdictional defects after courts explicitly identified them." ECF No. 1 ¶ 18(b); *see also id.* ¶ 20(b). But in its

Complaint, Plaintiff did not allege what facts or parties could have been added to the deficient complaints in the underlying actions that would have cured the jurisdictional and standing defects that those courts had identified. Nor did Plaintiff allege what "competent counsel" would have done differently to preserve its claims, *see id.* ¶ 16; Plaintiff simply asserted in a conclusory and vague fashion that other counsel would have prevailed in those actions, which is insufficient to demonstrate a plausible entitlement to relief. As another example, Defendants purportedly "allowed court-ordered amendment deadlines and other procedural opportunities to lapse without notice to Plaintiff, resulting in avoidable procedural dismissals." *Id.* ¶ 20(c). Once again, Plaintiff failed to plead any facts demonstrating that the outcome of its underlying cases—procedural dismissal—would have been any different if Plaintiff had notice of amendment deadlines. In other words, Plaintiff's Complaint "is silent as to how Defendants' alleged breach of a professional duty"—a failure to notify Plaintiff of amendment deadlines—"caused 'actual loss' rather than nominal damages, speculative harm[,] or the threat of future harm." *Stacey*, 2008 WL 941642, at *6 (citing *Kituskie*, 714 A.2d at 1030). Moreover, while Defendant Castor allegedly "[a]dmitted, post-hearing, that he had not read the underlying evidentiary materials" in preparation for an oral argument before the Fourth Circuit, *see* ECF No. 1 ¶ 25(c) (emphasis omitted), Plaintiff failed to plead facts providing a reasonable inference that counsel who had reviewed the evidentiary record would have avoided dismissal of the appeal "on standing grounds." *Id.* ¶ 26.

At bottom, there are simply insufficient facts in the Complaint to meet the applicable pleading standards and to support Plaintiff's theory that its election-related lawsuits would have ever reached the merits and resulted in a judgment in favor of Plaintiff, notwithstanding Defendants' alleged professional negligence. Rather, Plaintiff's Complaint is riddled with "naked assertion[s]" of purported harm from Defendants' conduct, but is "devoid of further factual

enhancement" when it comes to demonstrating the requisite case within a case. *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). Without more, Plaintiff has not adequately demonstrated a plausible entitlement to relief on its legal malpractice claim, given that "actual loss" is an "essential element" of that claim. *Kituskie*, 714 A.2d at 1030. Accordingly, the Court will grant Defendants' Motion to Dismiss Plaintiff's legal malpractice claim and dismiss Count I without prejudice against all Defendants. Plaintiff is granted leave to amend Count I.

### B. Plaintiff Failed to Plausibly Allege a Breach of Fiduciary Duty Claim

Second, Defendants moved to dismiss Plaintiff's breach of fiduciary duty claim on the basis that the allegations fail to establish "a distinct breach of loyalty" separate and apart from "professional performance failures." ECF No. 16-2 at 13. For example, Defendants point out that there are no allegations of a "conflict of interest" or of a "diversion of client funds." *Id.* at 15. Defendants assert that, "at most[,]" the Complaint alleges "negligent representation," rather than any disloyalty, so "Count II fails as a matter of law." *Id.* at 15–16.

In its Opposition, Plaintiff argues that it adequately pleaded a breach of fiduciary duty claim "based on conduct that implicates duties of loyalty, candor, and good faith independent of the underlying contractual relationship." ECF No. 18 at 21. According to Plaintiff, its allegations of "concealment, abandonment, and continued retention of fees" are based on a "distinct theor[y] grounded in distinct duties[,]" which can support a claim for breach of fiduciary duty. *Id.* at 22.

In the context of legal malpractice actions, "[c]ourts applying Pennsylvania law interpret a claim for breach of fiduciary duty . . . as a claim for breach of the duty of loyalty, not the duty of care." *Nkansah v. Kleinbard LLC*, No. 19-cv-4472, 2020 WL 920269, at *6 (E.D. Pa. Feb. 26, 2020); *see also Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992) ("At common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty

11

is actionable.").  As the *Nkansah* court aptly explained, the "duty of care is distinct from [the] duty of loyalty" and "[a]n attorney can breach his duty of care without breaching his duty of loyalty." 2020 WL 920269, at *6.

To plead a breach of fiduciary duty claim, the plaintiff must allege facts demonstrating the following elements: (1) "the existence of a fiduciary relationship between the plaintiff and the defendant[;]" (2) "the defendant negligently or intentionally failed to act in good faith and solely for the plaintiff's benefit[;]" and (3) "the plaintiff suffered an injury caused by the defendant's breach of its fiduciary duty."  *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 88 (Pa. 2023) (internal quotations and citation omitted) (cleaned up); *see also Live Nation Ent., Inc. v. Weber Gallagher Simpson Stapleton Fires & Newby, LLP*, No. 2361 EDA 2023, 2024 WL 4785011, at *7 (Pa. Super. Ct. Nov. 14, 2024) (per curiam) (listing the same factors for a plaintiff "[t]o recover damages in a malpractice action premised on a breach of fiduciary duty").  Pennsylvania courts have found that attorneys may have breached their duty of loyalty to their clients when they have improperly taken advantage of confidential information communicated to them by their clients over the course of their representation or have engaged in a conflict of interest.  *See Maritrans GP Inc.*, 602 A.2d at 1282, 1286; *see also Gorski v. Smith*, 812 A.2d 683, 711–12 (Pa. Super. Ct. 2002) (vacating a judgment entered against defendants on a breach of fiduciary duty claim where plaintiffs failed to provide evidence of a conflict of interest).

*Reynolds v. Stambaugh* is particularly instructive on the difference between allegations that suggest malpractice as opposed to those that suggest disloyalty towards a client.  Nos. 1889 MDA 2013 & 1890 MDA 2013, 2015 WL 674293 (Pa. Super. Ct. Feb. 5, 2015).  In *Reynolds*, the Superior Court of Pennsylvania found that a plaintiff's allegations that her attorney "fail[ed] to perfect service and sue the general contractor as a necessary party" could not be considered "breaches of

[the attorney's] duty of undivided loyalty to the [p]laintiff" or be viewed "as a conflict of interest." *Id.* at \*11.   Instead, those actions were professional "lapses" that "involve[d] ordinary negligence/malpractice rather than actions taken in derogation of a duty of loyalty." *Id.*  However, the allegations that the plaintiff's attorney "participated in the settlement negotiations, threatened to force [p]laintiff to sign" the settlement agreement, and "tried to insert himself in the settlement agreement for a rather paltry sum" after he was no longer representing the plaintiff were actions that could "be viewed as a breach of loyalty to the [p]laintiff." *Id.*  Those allegations suggested that the attorney "was engaging in self-interested efforts in an action where he had represented [p]laintiff and his actions were in direct conflict of his duty of loyalty to his client." *Id.*

Applying these principles here, Plaintiff did not adequately allege that Defendants breached their duty of loyalty and failed to act for Plaintiff's benefit.  The allegations that Plaintiff pleaded in support of its breach of fiduciary duty claim fit within the realm of purported professional negligence, *see, e.g.*, ECF No. 1 ¶¶ 28(a)–(d), 36, which is insufficient to state a plausible entitlement to relief on Count II.  There are no allegations in the Complaint that Defendants misused Plaintiff's confidential information, represented other clients who had adverse interests to Plaintiff, or otherwise engaged in a conflict of interest.  *See, e.g.*, *Nkansah*, 2020 WL 920269, at \*7 (dismissing a breach of fiduciary duty claim where there were no allegations that the attorneys "disclosed confidential information, represented a competitor, misused funds or otherwise acted in bad faith"); *Airgas, Inc. v. Cravath, Swaine & Moore LLP*, No. 10-cv-612, 2010 WL 3046586, at \*4 (E.D. Pa. Aug. 3, 2010) (finding that a plaintiff adequately pleaded a breach of fiduciary duty claim by alleging that defendant "simultaneously and secretly represent[ed] another party whose interests were directly adverse to [plaintiff]").

Instead, Plaintiff's Complaint is replete with allegations that Defendants "failed to perform competently," "[f]iled legally defective pleadings[,]" and "[f]ailed to cure standing and jurisdictional defects[,]" among other purported professional deficiencies.  ECF No. 1 ¶¶ 17–18; *see also id.* ¶¶ 20(a)–(e), 25(a)–(d), 28(a)–(d).  These types of allegations are akin to the allegations of failure to perfect service that the *Reynolds* court deemed insufficient to support a breach of the duty of loyalty.  *See Reynolds*, 2015 WL 674293, at *11; *see also Nkansah*, 2020 WL 920269, at *7 (finding that allegations that defendants "fail[ed] to provide competent representation in both the discovery and summary judgment phases . . . [did] not make out a breach of fiduciary duty claim against an attorney").  Furthermore, Plaintiff did not plead *any* facts to support its conclusory assertion that Defendants "plac[ed] their own interests above Plaintiff's" over the course of their representation.  ECF No. 1 ¶ 36; *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Plaintiff's contention that its allegations of "concealment, abandonment, and continued retention of fees" were intended to bolster its breach of fiduciary duty claim and are "distinct" from its legal malpractice theory is unpersuasive.  ECF No. 18 at 22; *see also* ECF No. 1 ¶ 36.  For example, as to purported "[a]bandonment of [c]lient [m]atters," Plaintiff alleged that Defendants "[e]xcised claims without client authorization[,]" "[f]ailed to inform clients of dispositive court orders[,]" "[c]eased communication entirely after collecting fees[,]" and "[w]alked away from live litigation without substitution of counsel or transition."  *Id.* ¶ 28(a)–(d).  These allegations, like Plaintiff's allegation that Defendants "conceal[ed]" their "nonperformance," *id.* ¶ 36, plainly fall within the bucket of alleged professional malpractice or negligence.  Contrary to Plaintiff's argument, they do not establish that Defendants acted with "undivided disloyalty" towards Plaintiff as Pennsylvania courts have interpreted the bounds of that particular duty in a legal malpractice

14

action. *Reynolds*, 2015 WL 674293, at \*11 (internal quotations and citation omitted); *see also Brenco Oil, Inc. v. Blaney*, No. 17-cv-3938, 2017 WL 6367893, at \*6 (E.D. Pa. Dec. 13, 2017) (finding that, in connection with a land sale, allegations that a law firm "(1) failed to investigate and properly determine the owners; [and] (2) assured Brenco Oil that the firm had identified the proper owners" were "charges [that] all sound in negligence (and relate to the fiduciary duty of *care*), not in conflict of interest (which relates to the fiduciary duty of *loyalty*)").

Therefore, the Court will grant Defendants' Motion to Dismiss Plaintiff's breach of fiduciary duty claim and dismiss Count II without prejudice against all Defendants. Plaintiff is granted leave to amend Count II.

### C.  Plaintiff Failed to Plausibly Allege a Fraud by Omission or Constructive Fraud Claim

Next, Defendants argue that Plaintiff's claim for fraud by omission and/or constructive fraud should be dismissed for two key reasons. *See* ECF No. 16-2 at 16. First, Defendants assert that Plaintiff's fraud claim failed to satisfy Rule 9(b)'s requirement to plead fraud with particularity. *Id.* Second, Defendants contend that Plaintiff's fraud claim "simply repackages the same alleged professional deficiencies that underlie Count I and tries to label [them] as fraud." *Id.* According to Defendants, that theory of liability for fraud fails under Pennsylvania's "'gist of the action' doctrine." *Id.* at 18.

In its Opposition, Plaintiff argues that it was not required to provide "evidentiary detail" of fraud at this stage of the proceedings. ECF No. 18 at 18. Plaintiff claims that it pleaded fraud with sufficient particularity because it "identif[ied] the actors, the representations made, the conduct constituting the fraud, and the resulting harm." *Id.* at 17–18. As to Defendants' argument regarding the gist of the action doctrine, Plaintiff contends that it "pleaded conduct [that] is not limited to a failure to perform contractual obligations." *Id.* at 19.

15

Under Pennsylvania common law, a plaintiff must plead the following elements to demonstrate fraud:

> (1)(a) A misrepresentation or (b) [a] concealment; (2) [w]hich is material to the transaction at hand; (3)(a) [m]ade with knowledge of its falsity or recklessness as to whether it is true or false (for a misrepresentation), or (b) [c]alculated to deceive (for a concealment); (4) [w]ith the intent of misleading another into relying on it; (5) [j]ustifiable reliance on the misrepresentation; and (6) [a] resulting injury proximately caused by such reliance.

*SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022) (first citing *Gibbs v. Ernst*, 647 A.2d 882, 889 & n.12 (Pa. 1994); then citing *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 545 (Pa. Super. Ct. 2005)); *see also Wilson v. Donegal Mut. Ins. Co.*, 598 A.2d 1310, 1315 (Pa. Super. Ct. 1991) (similar). Furthermore, in federal court, a plaintiff "must satisfy the heightened pleading standards" of Rule 9(b) for any "claims that sound in fraud." *Burns v. Stratos*, No. 22-1319, 2023 WL 4014474, at *2 n.3 (3d Cir. June 15, 2023) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). Specifically, Rule 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Courts have interpreted Rule 9(b) as requiring a plaintiff to "plead or allege the date, time[,] and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200. A plaintiff fails to meet the heightened pleading standard for fraud where the plaintiff "merely lumps the who, what, when, and where together." *Riachi v. Prometheus Grp.*, 822 F. App'x 138, 142 (3d Cir. 2020); *see also City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 680 (3d Cir. 2023) (finding that under Rule 9(b), "the complaint must describe the time, place, and contents of the false representations or omissions, as well as the identity of the person making the statement and the basis for the statement's falsity"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (explaining that "boilerplate and conclusory allegations will not suffice" to state a claim for fraud).

16

With this framework in mind, the Court finds that Plaintiff failed to aver fraud with particularity as required by Rule 9(b). In its Complaint, Plaintiff consistently "lumps" both Defendants together without identifying specific misrepresentations or omissions that are purportedly attributable to each Defendant. *Riachi*, 822 F. App'x at 142. For example, Plaintiff alleged that "*Defendants* knowingly failed to disclose materials facts, including their lack of preparation, inability to prosecute the cases competently, and decision to abandon litigation." ECF No. 1 ¶ 37 (emphasis added). Plaintiff then purported to provide examples of Defendants' allegedly fraudulent behavior. *See id.* ¶ 38 ("*Defendants* did not disclose that they had not reviewed the evidentiary record prior to presenting appellate argument" in front of the Fourth Circuit (emphasis added)); *id.* ¶ 39 ("*Defendants* also failed to disclose their decision not to file amended pleadings" (emphasis added)). Furthermore, Plaintiff alleged that "*Defendants* continued to accept legal fees from Plaintiff while omitting these material facts regarding their lack of preparation, their failure to act on court-granted amendment opportunities, and their abandonment of ongoing litigation matters." *Id.* ¶ 40 (emphasis added). These generalized allegations against Defendants as a whole do not sufficiently "place" each Defendant "on notice of the precise misconduct with which they are charged." *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85–86 (3d Cir. 2015) (internal quotations and citation omitted); *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) ("Rule 9(b) does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant" (internal quotations and citations omitted)); *Butakis v. NVR, Inc.*, 668 F. Supp. 3d 349, 359 (E.D. Pa. 2023) ("[C]ollective pleading does not satisfy the requirements of Rule 9(b).").

In addition to improperly lumping both Defendants together, Plaintiff did not adequately specify the "who, what, when, and where" with respect to Defendants' purportedly fraudulent

17

misrepresentations and omissions. *Riachi*, 822 F. App'x at 142. For example, in connection with an appeal before the Fourth Circuit, Plaintiff alleged that Defendants "represent[ed] that they were prepared to present the case[,]" *see* ECF No. 1 ¶ 38, but "omitt[ed] . . . material facts regarding their lack of preparation," *see id.* ¶ 40. Importantly, Plaintiff failed to plead "the particular facts surrounding" that alleged misrepresentation and omission, such as what the contents of the misrepresentation were, when that misrepresentation was supposedly made, where it occurred, or how it induced Plaintiff's reliance. *Travelers Indem. Co.*, 620 F. App'x at 86 (affirming dismissal of fraud claims where a plaintiff did "not allege[] the particular facts surrounding the alleged fraud, as required under Rule 9(b)"). Rule 9(b) demands more in order to substantiate allegations of fraud. *See Frederico*, 507 F.3d at 200; *see also Bostic v. Ethicon Inc.*, No. 20-cv-6533, 2022 WL 952129, at *10 (E.D. Pa. Mar. 29, 2022) (dismissing a fraud claim where a plaintiff "allege[d] that [d]efendants made specific misrepresentations regarding the nature of [their] product in their documents and marketing materials," but did "not allege the date, time[,] or place in which those misrepresentations were made or otherwise inject precision into the fraud allegations").

For these reasons, the Court will grant Defendants' Motion to Dismiss Plaintiff's fraud claim, and dismiss Count III without prejudice against all Defendants because Plaintiff did not meet the requirements of Rule 9(b).[2] Plaintiff is granted leave to amend Count III.

### D. Plaintiff Failed to Plausibly Allege an Unjust Enrichment Claim

Finally, "in the alternative[,]" Plaintiff asserted a claim against Defendants for unjust enrichment "[t]o the extent Defendants contend that no enforceable contract governed portions of the representation described" in the Complaint "or that the scope or validity of any such agreement

---

[2] Defendants also contend that Plaintiff's fraud claim is barred by Pennsylvania's "'gist of the action' doctrine." ECF No. 16-2 at 18. Because the Court finds that Plaintiff failed to plead fraud with particularity, the Court need not address this argument at this time.

18

does not extend to the services at issue[.]" ECF No. 1 ¶ 42. Defendants argue that this claim, too, should be dismissed because a cause of action for unjust enrichment cannot be maintained where the parties' relationship is governed by an express contract. *See* ECF No. 16-2 at 19. In its Opposition, Plaintiff asserts that the Court must "permit alternative theories of recovery" at this stage of the proceedings. ECF No. 18 at 26.

Unjust enrichment claims arise out of a "quasi-contract." *Toppy v. Passage Bio, Inc.*, 285 A.3d 672, 687 (Pa. Super. Ct. 2022). "A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another." *Id.* (internal quotations and citation omitted). To state a claim for unjust enrichment, a plaintiff must plead facts demonstrating (1) "benefits conferred on [the] defendant by [the] plaintiff[;]" (2) "appreciation of such benefits by [the] defendant[;]" and (3) "acceptance and retention of such benefits under such circumstances that it would be inequitable for [the] defendant to retain the benefit without payment of value." *Id.* (internal quotations and citation omitted); *see also Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 316 (3d Cir. 2023) (same); *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. Ct. 2006) (same). Under Pennsylvania law, "[a] cause of action for unjust enrichment arises only when a transaction is not subject to a written or express contract." *Heldring*, 151 A.3d at 645 (internal quotations and citation omitted); *see also Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) ("[I]t has long been held in [Pennsylvania] that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract" (internal quotations and citation omitted) (collecting cases)).

Here, Plaintiff alleged that it "retained Defendants to lead and prosecute multiple federal election-related lawsuits across the United States," and that "Defendants billed and collected

approximately $417,000 in legal fees from Plaintiff and affiliated plaintiffs for these representations." ECF No. 1 ¶¶ 12–13 (emphasis omitted). These allegations, in conjunction with the allegations that Plaintiff only pleaded an unjust enrichment claim "[t]o the extent Defendants contend that no enforceable contract governed portions of the representation described" in the Complaint "or that the scope or validity of any such agreement does not extend to the services at issue," *see id.* ¶ 42, speak to the existence of a contract. Therefore, Plaintiff cannot maintain its claim for unjust enrichment. *See, e.g.*, *Heldring*, 151 A.3d at 645–46 (affirming dismissal of an unjust enrichment claim where a plaintiff "had a written and express contract with Attorney Milby and his firm—the mutually signed" retention agreement—so "there [was] no basis for [plaintiff's] claim of unjust enrichment").

While Rule 8(d) allows plaintiffs to plead claims in the alternative, when a contract governs the parties' relationship, pleading a claim for unjust enrichment "is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy." *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 n.8 (3d Cir. 2014). Rule 8(d) thus offers no assistance to Plaintiff under these circumstances because the Complaint "does not allege facts suggesting that the [c]ontract is unenforceable," *Philidor RX Servs. LLC v. Polsinelli PC*, No. 22-2836, 2023 WL 6290746, at *6 (3d Cir. Sept. 27, 2023), nor are Defendants contesting the existence or enforceability of the parties' contract. *See* ECF No. 16-2 at 19–20; ECF No. 19 at 11–13; *see also Hickey*, 81 F.4th at 315–16 (permitting unjust enrichment to be pleaded in the alternative where "the existence or applicability of a contract [was] in dispute"); *Grudkowski*, 556 F. App'x at 170 n.8 (affirming dismissal of an unjust enrichment claim, "even when pled in the alternative," where the parties "had a contractual relationship, the existence and validity of which [were] not challenged").

Accordingly, the Court will grant Defendants' Motion to Dismiss Plaintiff's unjust enrichment claim and dismiss Count IV without prejudice against all Defendants.[3]

### E. Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees Is Denied

Defendants also moved to strike Plaintiff's demand for attorneys' fees from the Complaint. *See* ECF No. 16-2 at 20–21; ECF No. 19 at 13–14. Defendants did not expressly identify authority for striking Plaintiff's demand for attorneys' fees, but a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f) either "on its own" or by motion. *See* Fed. R. Civ. P. 12(f). "Content is immaterial when it has no essential or important relationship to the claim for relief." *Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (internal quotations and citation omitted). Moreover, "[c]ontent is impertinent when it does not pertain to the issues raised in the complaint[,]" and content is scandalous if it "casts a derogatory light on" a party. *Id.* (internal quotations and citation omitted). While courts have broad discretion "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters[,]" *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002), "motions to strike are generally viewed with disfavor." *Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993).

In Pennsylvania, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482–83 (Pa. 2009); *see also McMullen v. Katz*, 985 A.2d 769, 775 (Pa. 2009) (explaining that "'[t]he general rule . . . is that

---

[3] Should the validity or enforceability of the parties' retention agreement come into dispute, the Court will consider whether to provide Plaintiff with the opportunity to reassert its unjust enrichment claim to the extent this action survives past the motion-to-dismiss stage.

21

each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct.'" (quoting *Lucchino v. Commonwealth*, 809 A.2d 264, 267 (Pa. 2002)).  In their Motion, Defendants assert that "Plaintiff identifies no fee-shifting statute, no contractual fee provision, and no recognized exception that would support a fee award."  ECF No. 16-2 at 20–21.  Furthermore, Defendants contend that "Plaintiff seemingly abandon[ed] its request for attorneys' fees" because, in its Opposition, Plaintiff did not respond to Defendants' argument that its demand for attorneys' fees should be dismissed or stricken.  ECF No. 19 at 13 (collecting cases).

Notwithstanding Plaintiff's failure to respond to Defendants' argument, the Court finds that Defendants' motion to strike Plaintiff's request for attorneys' fees is premature at this point in the proceedings.  As Defendants acknowledge, *see* ECF No. 16-2 at 21, there are exceptions to the general rule that litigants cannot recover attorneys' fees from an adverse party.  *See Trizechahn Gateway LLC*, 976 A.2d at 482–83.  The Court cannot yet determine whether Plaintiff's case may fall within an exception, nor has the Court had the opportunity to evaluate the terms contained within the parties' retention agreement.  Furthermore, Defendants have "not articulated any prejudice that [they] would endure if the Court were to permit Plaintiff to proceed on [its] request for attorney's fees at this stage."  *Dixon v. Lincoln Univ.*, No. 24-cv-1057, 2024 WL 4156837, at *10 (E.D. Pa. Sept. 10, 2024); *see also United States v. Viola*, Nos. 99-cr-586 & 02-cv-9014, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) ("[C]ourts have required the moving party to demonstrate prejudice in order to justify an order to strike matter from a pleading." (collecting cases)).  Defendants' motion to strike Plaintiff's demand for attorneys' fees is thus denied at this time.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (ECF No. 16), and dismiss Plaintiff's Complaint without prejudice against all Defendants.  In addition, the Court will deny Defendants' motion to strike Plaintiff's demand for attorneys' fees.  Plaintiff is granted leave to amend Counts I, II, and III in the event that Plaintiff can plead additional factual material as outlined herein to cure the pleading deficiencies identified by the Court.  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**