**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITE 4 FREEDOM, INC.,** *formerly known as United Sovereign Americans, Inc.*,     *Plaintiff,* | : : : : : | |
| **v.** | : : | **CIVIL NO. 26-1616** |
| **VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM LLP,** *et al.*     *Defendants.* | : : : | |

**MEMORANDUM**

**KENNEY, J.**                                                               **JULY 15, 2026**

The Court previously granted Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), dismissed the Complaint without prejudice, and granted Plaintiff leave to amend Counts I through III. *See* ECF Nos. 20, 21. Thereafter, on June 16, 2026, Plaintiff filed an Amended Complaint. *See* ECF No. 22. Before the Court is Defendants' Motion to Dismiss First Amended Complaint (the "Motion") (ECF No. 23), Plaintiff's Response to Defendants' Motion to Dismiss (the "Response") (ECF No. 24), Defendants' Reply Brief in Support of their Motion to Dismiss First Amended Complaint (ECF No. 25), and Plaintiff's Sur-Reply (ECF No. 28). For the reasons set forth below, the Court will **GRANT** Defendants' Motion (ECF No. 23), and **DISMISS** Plaintiff's First Amended Complaint (ECF No. 22) **WITH PREJUDICE** against all Defendants.

## I.   DISCUSSION

The Court writes for the benefit of the parties and assumes their familiarity with the facts and procedural history of this case. In addition, the Court incorporates herein its prior Memorandum Opinion, *see* ECF No. 20, which addressed the same issues and causes of action

that are before the Court again on Plaintiff's Amended Complaint and Defendants' latest Motion. Simply put, although Plaintiff took the opportunity provided by the Court to amend its Complaint, Plaintiff's Amended Complaint does nothing to address the pleading deficiencies that the Court identified when dismissing its original Complaint. Accordingly, dismissal with prejudice is warranted.

### A. Plaintiff Failed to Plausibly Allege a Legal Malpractice Claim

In its prior decision, the Court dismissed Plaintiff's legal malpractice claim because Plaintiff failed to plead facts demonstrating a "case within a case[,]" which is an "essential element" of a legal malpractice action. ECF No. 20 at 7–8, 11 (quoting *Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998)). Plaintiff's Amended Complaint suffers from the exact same pleading defect. Once again, Plaintiff has not pleaded any facts demonstrating that its underlying cases would have ever reached a favorable outcome, notwithstanding Defendants' alleged professional negligence. *Id.* at 9 (collecting cases).

In its Amended Complaint, Plaintiff repeatedly emphasizes that its legal malpractice claim stems from "the loss and impairment of [litigation] opportunities and processes" that other "competent counsel would have preserved[,]" "irrespective of whether any particular court would ultimately have ruled in Plaintiff's favor." ECF No. 22 ¶¶ 35–36; *see also id.* ¶ 37 (alleging "loss of court-granted amendment opportunities, loss of appellate opportunities, loss of prior litigation expenditures"); *id.* ¶ 50 ("These [underlying] matters are cited not as proof that Plaintiff was entitled to prevail on the underlying claims, but as objective examples of the recurring professional failures described in this Complaint."); *id.* ¶ 69 (alleging "loss of litigation opportunities, procedural rights, amendment opportunities"); *id.* ("Plaintiff does not allege that any court was obligated to rule in Plaintiff's favor."). In its Response, Plaintiff doubles down on this position, arguing that its "Amended Complaint does not ask this Court to determine whether Plaintiff

ultimately would have prevailed in the underlying election litigation." ECF No. 24 ¶ 3; *see also id.* ¶¶ 21, 29–33.

As the Court explained in its previous decision, the alleged loss of litigation and amendment opportunities is not in and of itself actionable.[1] *See* ECF No. 20 at 9. In Pennsylvania, "[a]n essential element" of a legal malpractice claim "is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm[,] or the threat of future harm." *Kituskie*, 714 A.2d at 1030 (citation omitted). In other words, Pennsylvania law ultimately requires a plaintiff to prove a "case within a case" in order for a legal malpractice claim to be actionable. *Id.* Of course, a plaintiff is not held to an evidentiary burden of proof at the pleading stage, but a plaintiff must give the Court "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of its claims in order to survive a Rule 12(b)(6) motion. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (same); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For the second time, Plaintiff has failed to do so with respect to actual loss and, what's more, Plaintiff appears to disclaim that it *ever* needs to plead any facts demonstrating actual loss. *See, e.g.*, ECF No. 22 ¶¶ 2 ("This action does not require the Court to determine whether Plaintiff's underlying election-

---

[1] As to Plaintiff's alleged lost amendment opportunities, even a cursory review of the opinions that Plaintiff attached as exhibits to its Amended Complaint reveals that those courts were highly skeptical of both the claims in the underlying cases and the chance for success if there were amended pleadings. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (explaining that courts can consider "exhibits attached to the complaint" when deciding a Rule 12(b)(6) motion). For example, Plaintiff does not even attempt to plead any facts demonstrating how amendment of the complaint in its underlying Fourth Circuit case—*Maryland Election Integrity, LLC v. Maryland State Board of Elections*, No. 24-1449 (4th Cir.)—would have fixed a standing-related deficiency or resulted in a judgment on the merits. *See* ECF No. 22-1 at 13–25.

related claims were ultimately correct."); *id.* ¶ 12 ("The issue before this Court is therefore not whether Plaintiff would ultimately have prevailed in every underlying matter."); *see also* ECF No. 24 ¶¶ 3, 21, 29–33, 38–39; ECF No. 28 at 3–4.  Accordingly, Plaintiff has failed to state a claim for legal malpractice.  *See, e.g.*, *Stacey v. City of Hermitage*, No. 02-cv-1911, 2008 WL 941642, at *7 (W.D. Pa. Apr. 7, 2008) (dismissing a legal malpractice claim where "the Amended Complaint [did] not explain how [the] underlying action would have the merit to succeed" and where, "on the face of the Amended Complaint, it [was] exceedingly unlikely that [p]laintiff would be able to prove the 'case within the case'").

The Court will dismiss Count I with prejudice because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002) (explaining that dismissal without leave to amend is proper upon a finding that "amendment would be inequitable or futile").  Plaintiff has not given the Court any reason to believe that further amendment of its legal malpractice claim will cure the pleading deficiencies that the Court already identified in detail.  *See U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) ("[A] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (internal quotations and citations omitted)).

### B.  Plaintiff Failed to Plausibly Allege a Breach of Fiduciary Duty Claim

In dismissing Plaintiff's original breach of fiduciary duty claim, the Court found that Plaintiff failed to adequately allege that Defendants breached their duty of loyalty to Plaintiff.  *See* ECF No. 20 at 11–15; *see also Nkansah v. Kleinbard LLC*, No. 19-cv-4472, 2020 WL 920269, at *6 (E.D. Pa. Feb. 26, 2020) ("Courts applying Pennsylvania law interpret a claim for breach of fiduciary duty in the context of legal malpractice as a claim for breach of the duty of loyalty, not the duty of care.").

4

In its Amended Complaint, Plaintiff yet again failed to plead sufficient facts establishing that Defendants breached their duty of loyalty, such as by engaging in a conflict of interest or self-dealing. *See* ECF No. 20 at 12. Instead, Plaintiff once more attempts to improperly meld its legal malpractice and breach of fiduciary duty claims together. For example, in support of its breach of fiduciary duty claim, Plaintiff alleges that Defendants "fail[ed] to disclose material litigation developments, fail[ed] to disclose decisions not to pursue available procedural remedies, [and] fail[ed] to disclose failures to preserve amendment opportunities." ECF No. 22 ¶ 81. In essence, Plaintiff's breach of fiduciary duty claim thus boils down to allegations that Defendants did not "disclose material facts necessary for Plaintiff to make informed decisions." *Id.* ¶ 83; *see also id.* ¶ 85 (alleging that "disclosures were not made"); *id.* ¶ 86 (alleging that Plaintiff was prevented "from making informed decisions"). These allegations describe purported professional "lapses" that "involve ordinary negligence/malpractice rather than actions taken in derogation of a duty of loyalty." *Reynolds v. Stambaugh*, Nos. 1889 MDA 2013 & 1890 MDA 2013, 2015 WL 674293, at *11 (Pa. Super. Ct. Feb. 5, 2015). Moreover, Plaintiff reasserts the same conclusory allegation that Defendants "plac[ed] interests other than Plaintiff's interests ahead of the obligations owed to their client," but does not provide any facts to support that allegation. ECF No. 22 ¶ 81. Accordingly, Plaintiff has failed to state a claim for breach of fiduciary duty.

The Court will dismiss Count II with prejudice. At this point, any amendment of Count II would be futile, given Plaintiff's "fail[ure] to cure the pleading deficiencies previously identified in the original complaint." *Bello v. Cap. One Bank USA N.A.*, No. 23-2758, 2024 WL 2794418, at *2 (3d Cir. May 31, 2024) (per curiam); *see also U.S. ex rel. Schumann*, 769 F.3d at 849. If Plaintiff could plead facts demonstrating a breach of fiduciary duty, it "would have already done so." *Id.*

### C.  Plaintiff Failed to Plausibly Allege a Fraud by Omission or Constructive Fraud Claim

The Court previously dismissed Plaintiff's fraud claim for failure to satisfy Rule 9(b)'s heightened pleading standard.  *See* ECF No. 20 at 15–18.  Plaintiff's Amended Complaint fares no better with respect to its allegations of fraud; Plaintiff merely repackages its legal malpractice allegations as fraud and once again has failed to plead fraud with the requisite particularity.  In its Amended Complaint, Plaintiff "lumps" both Defendants together and does not specify "the who, what, when, and where" with respect to its allegations of fraud.  *Riachi v. Prometheus Grp.*, 822 F. App'x 138, 142 (3d Cir. 2020); *see also* ECF No. 22 ¶¶ 87–100.  Instead, Plaintiff's fraud claim consists of generalized allegations charging "Defendants" with "fail[ing] to disclose material facts" and "fail[ing] to disclose material decisions," *id.* ¶¶ 87, 92, without specifying any facts regarding "the time, place, and contents of" each Defendant's alleged "false representations or omissions."  *City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 680 (3d Cir. 2023).  Furthermore, although the Court provided Plaintiff with an opportunity to "inject precision or some measure of substantiation into" its fraud claim, Plaintiff has failed to do so. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

Therefore, the Court will dismiss Count III with prejudice.  Permitting another round of amendment would be futile because, just as with its legal malpractice and breach of fiduciary duty claims, Plaintiff has provided no indication that it can overcome the pleading deficiencies associated with its fraud claim, despite being "put on notice" of them.  *U.S. ex rel. Schumann*, 769 F.3d at 849 (internal quotations and citation omitted); *see also Shutt v. Miller*, 724 F. App'x 112, 115 (3d Cir. 2018) (affirming that "leave to amend would have been futile" where a plaintiff "failed to cite facts to the District Court . . . that would overcome the deficiencies in her initial complaint").

### D.  Plaintiff Failed to Plausibly Allege an Unjust Enrichment Claim

The Court previously dismissed Plaintiff's unjust enrichment claim without prejudice because Plaintiff's allegations demonstrated that the parties' relationship was governed by a contract and Defendants were not disputing the contract's existence or validity.  *See* ECF No. 20 at 18–21.  Although the Court did not grant Plaintiff leave to amend its unjust enrichment claim, *see id.* at 21 & n.3, Plaintiff nevertheless reasserted its unjust enrichment claim.  *See* ECF No. 22 ¶¶ 101–04.  Therefore, the Court will dismiss Plaintiff's unjust enrichment claim because Plaintiff was not granted leave to reallege Count IV.

In any event, even if the Court had granted leave to amend, the allegations in the Amended Complaint once again point to the existence of a retention agreement.  *See id.* ¶¶ 4–6, 25–28.  And Plaintiff again purports to plead unjust enrichment only in the alternative "[t]o the extent Defendants contend that no enforceable contract governed portions of the representation."  *Id.* ¶ 101.  Because Defendants are not contesting the existence or validity of the parties' retention agreement, *see* ECF No. 23-2 at 24, Plaintiff's unjust enrichment claim cannot be maintained.  *See, e.g.*, *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 n.8 (3d Cir. 2014) (explaining that pleading a claim for unjust enrichment in the alternative "is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy").  The Court will thus dismiss Plaintiff's unjust enrichment claim for failure to state a claim.  This time, Count IV will be dismissed with prejudice because amendment would be futile.  Plaintiff's unjust enrichment claim is not legally viable under the circumstances as alleged.  *Cf. U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007) (explaining that "[r]epleading is futile" in circumstances where "the legal inadequacy cannot be solved by providing a better factual account of the alleged claim").

## II.    <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Defendants' Motion (ECF No. 23), and dismiss Plaintiff's Amended Complaint with prejudice against all Defendants because amendment would be futile.  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**